IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KATHY ANN MAHMENS                                                                    PLAINTIFF

v.                                        CIVIL NO. 09-5170

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                       DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Kathy Ann Mahmens, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for a period of disability and disability insurance benefits (DIB). (Doc. 1). The Defendant filed an answer to Plaintiff's action on October 16, 2009, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. 4). Plaintiff filed an appeal brief on November 11, 2009. (Doc. 5).

On December 7, 2009, the Commissioner, having changed positions, filed an unopposed motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. 6). The Defendant states that upon remand, the ALJ will reassess Plaintiff's residual functional capacity and will discuss the weight given to Dr. Gene Chambers's opinion.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to

consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); <u>Shalala v. Schaefer</u>, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above appropriate.

Based on the foregoing, we find remand appropriate and grant the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 9th day of December 2009.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)