IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KATHY ANN MAHMENS                                                PLAINTIFF

        v.                      CIVIL NO. 09-5170

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                             DEFENDANT

## **O R D E R**

      Plaintiff, Kathy Ann Mahmens, appealed the Commissioner's denial of benefits to this court. On December 9, 2009, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 8). Plaintiff now moves for an award of $3,464.14 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 24.50 hours of work before the court at an hourly rate of $125, and $401.64 in expenses. (Doc. 9). The Defendant has filed a response, expressing objections to certain hours requested. (Doc. 10).

      Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, we find Plaintiff is a prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. Id.; See also, Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand

counsel's representation on the substantive aspects of the disability claim." Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991), quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The Contract with America Advancement Act of 1996, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. See 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $125.00. We find Plaintiff's attorney entitled to compensation at this rate.

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the court may reduce the award accordingly. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

As to the number of hours for which Plaintiff's counsel seeks compensation, Defendant argues that the 5.00 hours Plaintiff's counsel seeks on August 11, 2009, to review the file, records and correspondence, and the 3.00 hours requested on August 12, 2009, to prepare the four page Complaint are excessive. Defendant states Plaintiff's counsel represented Plaintiff at

the administrative level and therefore should be aware of the issues and evidence in this case. We agree with Defendant that the time Plaintiff's counsel claims to have spent in preparation of filing Plaintiff's Complaint is excessive. Furthermore, time spent at the administrative level is not compensable under the EAJA. See Cornella v. Schweiker, 728 F.2d 978, 988-89 (8th Cir. 1984). Some of the time requested prior to the filing of Plaintiff's Complaint on August 13, 2009, was clearly in preparation for the filing of the Complaint with this court. However, we find that 2.00 hours would be a more appropriate amount of time for an attorney, who represented the claimant at the administrative level, to review the file and prepare the Complaint. Accordingly, 6.00 of the 8.00 hours submitted on August 11th and 12th, must be deducted from the total compensable time sought by counsel.

Defendant also objects to the 1.00 hour Plaintiff's counsel submitted on October 21, 2009, to review Defendant's "four-page-long standard" Answer. The court finds this time to be excessive and will allow 0.50 hour. Accordingly, 0.50 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 1.00 hour on August 13, 2009 (prepare civil cover sheet/file complaint), from which we deduct 1.00 hour; 1.50 hour on August 14, 2009 (cert. Letter, with complaint and summons to defendants), from which we deduct 1.33 hours; and 0.50 hour on October 25, 2009 (letter to clerk with consent form), from which we deduct 0.40 hour. This time cannot be compensated, in full, under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, we deduct 2.73 hours from the total number of compensable hours sought.

-4-

Plaintiff's counsel seeks 0.50 hour on October 24, 2009, to review an Order of reference. The court finds the time requested to be excessive and will allow Plaintiff's counsel 0.03 hour for the review of this one-sentence Order. Accordingly, we deduct 0.47 hour from the total number of compensable hours sought.

Plaintiff's counsel seeks a total of 11.00 hours for reviewing the transcript and researching and writing Plaintiff's twelve page appeal brief. There were no unique or complex issues to be developed in this particular case. Plaintiff's counsel frequently represents social security Plaintiffs before this court and should be well versed in social security law. We find that the time submitted for preparing this brief to be excessive and reduce the number of hours submitted for the preparation of Plaintiff's brief to 9.00 hours.

Finally, counsel seeks reimbursement for $401.64 in expenses incurred with regard to the filing fee, postage and photocopying. Such expenses are recoverable under the EAJA. See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988). A review of the docket sheet reveals Plaintiff paid a filing fee when she filed her Complaint and the court therefore finds the filing fee expense to be recoverable. (Doc. 1). Defendant argues that the remaining $51.64 is not recoverable because Plaintiff's counsel failed to provide an itemization of his costs in order to support his request for costs. We agree. Accordingly, the court finds Plaintiff's counsel may recover $350.00 in expenses.

Accordingly, we find Plaintiff's counsel is entitled to compensation under the EAJA for: 12.80 (24.50-11.70) hours for attorney's fees, at the rate of $125.00 per hour, and $350.00 in expenses, for a total attorney's fee award of $1,950.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

AO72A
(Rev. 8/82)

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 17th day of March 2010.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)